### JOHNSON *v.* HUDSPETH.

EVANS, P. J. 1. The statute (Civil Code (1910), §§ 3712, 3713, 3714) fixing a penalty for a prescribed act, and giving to the injured party a remedy by civil action, with a proviso that if the action fails the defendant shall have judgment against the plaintiff for all costs and reasonable attorney's fees, does not violate the constitutional guaranty of complete and impartial protection under the law, on the ground that the plaintiff is not given any right to recover attorney's fees.

2. Nor is the proviso permitting the defendant to recover attorney's fees violative of the constitutional negation of special legislation on a subject-matter already covered by a general law.

3. The code sections (Civil Code (1910), §§ 3712, 3713, 3714) denounce as unlawful an interference with the contractual relation of employer and employee, of landlord and tenant, and of landlord and cropper, by employment or renting or furnishing land to the tenant or employee, except on certain conditions, and give to the injured party a remedy by civil action for a penalty. Section 3715 declares that "the provisions of the three preceding sections shall not apply where the employment

given is of such duration and of such nature as to make it certain that it could not result in injury to the plaintiff or prosecutor." The employment referred to in the foregoing saving clause is that of such a transient character as is not inconsistent with the service which the employee contracted to give his employer. The evidence did not authorize a charge on § 3715.

4. No other error appears.

> *Judgment reversed. Beck, J., absent. The other Justices concur.*
> AUGUST 22, 1911.

Complaint. Before Judge Worrill. Early superior court. January 17, 1911. (See 134 *Ga.* 25.)

*W. H. Gurr, J. R. Pottle,* and *C. L. Glessner,* for plaintiff.

*R. H. Sheffield,* for defendant.